NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIMOTHY H. JOECKEL,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7122

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-623, Judge William Greenberg.

---

Decided: November 8, 2013

---

TIMOTHY H. JOECKEL, of Taylor, Texas, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent–appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and JOSHUA P. MAYER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

--------

Before LOURIE, BRYSON, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## DECISION

Appellant Timothy H. Joeckel seeks to appeal from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), which upheld a ruling of the Board of Veterans' Appeals denying Mr. Joeckel's claim of service connection for chronic fatigue syndrome ("CFS"). Because we lack jurisdiction to address the issues raised by Mr. Joeckel, we dismiss the appeal.

## BACKGROUND

Mr. Joeckel served on active duty with the United States Army from 1969 to 1971. His active duty included combat service in Vietnam from January to December 1970. In June 1990 Mr. Joeckel claimed service connection for CFS resulting from exposure to Agent Orange. He modified that claim in 1993, asserting direct service connection for CFS, rather than as a result of Agent Orange exposure. A regional office of the Department of Veterans Affairs ("DVA") denied service connection for CFS. After appeals to the Board and the Veterans Court, the claim was remanded to the regional office in 2000 with instructions to "afford the veteran an examination by, or refer the case to, a specialist in infectious disease/immune disorders . . . for an opinion as to . . . whether the diagnosis of CFS is correct."

In September 2002, a DVA rheumatologist examined Mr. Joeckel and concluded that Mr. Joeckel's symptoms were likely the result of a hepatitis C infection that he contracted from blood transfusions in 1975. Mr. Joeckel was first diagnosed with a chronic hepatitis C infection in 1993. In September 2008 the regional office granted service connection for hepatitis C with chronic fatigue.

As a result of the rheumatologist's examination, the regional office denied Mr. Joeckel's claim for service connection for CFS. In 2007 the Veterans Court again remanded the claim because the examination by the rheumatologist did not comply with the 2000 remand order requiring a medical examination or opinion by a "specialist in infectious disease/immune disorders."

In May 2008, an infectious disease specialist examined Mr. Joeckel. The specialist stated his opinion that Mr. Joeckel "does have chronic fatigue symptoms, but these do not appear to fit the classic definition" of CFS. The CFS claim was thereafter denied. The Board, however, remanded the claim to allow the infectious disease specialist to supplement and clarify his opinion with respect to the definition of CFS contained in federal regulations.

Because the infectious disease specialist who conducted the May 2008 examination was unavailable on remand, a different doctor, who was not an infectious disease specialist, conducted a review of the records and issued an opinion in November 2009. The 2009 opinion found that Mr. Joeckel did not have a CFS diagnosis. Because the 2009 opinion was not obtained from an infectious disease specialist, the Board in February 2011 sought an "advisory medical opinion" from Dr. Suganthini Krishnan Natesan, an infectious disease specialist. After a review of the medical records Dr. Natesan expressed his opinion in April 2011 that despite having symptoms of chronic fatigue, Mr. Joeckel did not meet the criteria for a CFS diagnosis set forth in 38 C.F.R. § 4.88a. Instead, Dr. Natesan believed that Mr. Joeckel "has chronic fatigue that could very well be related to hepatitis C and/or post-traumatic stress disorder and other psychiatric problems."

On appeal, the Board found that "[t]he negative evidence in this case outweighs the positive" and denied service connection for CFS. The Veterans Court affirmed,

holding that "the Board ensured substantial compliance with the August 2000 remand order." The Veterans Court ruled that even though "multiple specialists were required to ensure substantial compliance with the remand order . . . the two examinations, together, entailed a thorough review by infectious disease specialists that specifically considered both [Mr. Joeckel's] symptoms and the regulatory definition of CFS."

## DISCUSSION

Our jurisdiction to review a decision of the Veterans Court is limited by statute to deciding the validity of a decision of the Veterans Court on a rule of law, the validity of any statute or regulation, or any interpretation of a statute or regulation relied upon by that court in making its decision. 38 U.S.C. 7292(a), (c). This court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" unless the appeal presents a constitutional question. *Id.* § 7292(d)(2).

Mr. Joeckel contends on appeal that the Veterans Court decided both statutory and constitutional issues in his case. Mr. Joeckel's arguments, however, are really challenges to the conclusions reached by the medical examiners. A review of the medical examiners' determinations would require us to review factual determinations. Because we lack jurisdiction to review factual determinations under 38 U.S.C. § 7292(d)(2), we cannot provide Mr. Joeckel with the relief he seeks.

No costs.

**DISMISSED**